IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY T. SINAGRA,           )
                              )
         Plaintiff,           )
                              )
    vs.                       )    Civil Action No. 12-1525
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
         Defendant.           )

ORDER

AND NOW, this 10th day of June, 2013, upon consideration of Defendant's Motion for Summary Judgment (document No. 10) filed in the above-captioned matter on March 4, 2013,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 7) filed in the above-captioned matter on January 30, 2013,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.  **Background**

On January 28, 2011, Plaintiff Timothy Thomas Sinagra, filed his claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Specifically, Plaintiff claimed that he became disabled on November 2, 2008, due to degenerative arthritis, chronic lower back pain, narrowing of his sciatic nerve conduit, cubital tunnel problem, bilateral numbness in his fourth and fifth fingers, and nerve problems in both arms. (R. 132, 136).

After being denied initially on May 13, 2011 (R. 66-70), Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on October 6, 2011. (R. 33-52). In a decision dated November 2, 2011, the ALJ denied Plaintiff's request for benefits. (R. 20-29). The Appeals Council declined to review the ALJ's decision on October 10, 2012. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II.  **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support

the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial

gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for

disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 404.1520(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in

determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

## III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2014. (R. 22). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that he was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 22). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had the severe impairments of degenerative disc disease and degenerative joint disease of the spine. He found, however, that Plaintiff's ulnar entrapment did not constitute a severe impairment. (Id.). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 22-23).

The ALJ found that Plaintiff retained the RFC to perform light work, except that he would be limited to performing low stress jobs. (R. 23-27). Based on this RFC, Plaintiff established that he is incapable of returning to his past

employment; therefore, the ALJ moved on to Step Five. (R. 27).
The ALJ then used a vocational expert ("VE") to determine
whether or not there were a significant number of jobs in the
national economy that Plaintiff could perform. The VE testified
that, based on Plaintiff's age, education, past relevant work
experience, and RFC, Plaintiff could perform jobs, including
ticket seller, marker, and tool collector, that exist in
significant numbers in the national economy. (R. 28, 50).
Accordingly, the ALJ found that Plaintiff was not disabled. (R. 28).

## IV. Legal Analysis

Plaintiff raises several arguments as to why the ALJ erred in finding that he was not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that the ALJ failed to provide an adequate explanation for his treatment of the opinions of the consultative examiner and state agency reviewer in determining Plaintiff's RFC and formulating the hypothetical question to the VE, and failed to provide an adequate basis for his treatment of Plaintiff's alleged headaches. Accordingly, the record is insufficient to support the ALJ's decision, and the Court will remand the case for further consideration.

On May 3, 2011, Dr. Alexandra M. Hope, M.D., performed a consultative examination of Plaintiff and offered her opinion as to his occupational limitations. In addition to the exertional limitations to which she opined, Dr. Hope also found that Plaintiff had several non-exertional limitations, including rather restrictive postural limitations, limitations in regard to reaching and feeling, and several environmental limitations, including heights, vibrations, and temperature extremes. (R. 327-28). Likewise, state agency physician Jason Rasefske, M.D., on May 10, 2011, opined that Plaintiff had several postural and environmental limitations, in addition to his exertional limitations. (R. 59-62). The ALJ, however, did not include any of these non-exertional limitations in Plaintiff's RFC or in the hypothetical question to the VE.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d at 40. See also 20 C.F.R. § 404.1545(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of

subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Although the ALJ acknowledged the opinions of Drs. Hope and Rasefske in his decision and explained that he was giving little weight to the opinions, his discussion was simply insufficient to permit meaningful review. Not only was the ALJ's discussion of the opinions very brief, he did not discuss the non-exertional limitations found by these physicians at all. As the

Court set forth above, both Dr. Hope and Dr. Rasefske opined that Plaintiff had extensive postural and environmental limitations, and the ALJ failed either to include the limitations in the RFC and the hypothetical to the VE or to discuss why he omitted them by explaining how these limitations were inconsistent with the other evidence in the record, other than providing a brief statement assigning littler weight to the opinions in general. This does not allow the Court to determine the basis on which the ALJ omitted these limitations from the RFC and the hypothetical.

Accordingly, while the ALJ was by no means required to simply adopt all of the non-exertional limitations found by the consultative examiner and state reviewing agent, he was required to explain his basis for rejecting them. Remand is required to allow for further discussion as to the rationale for rejecting the non-exertional limitations contained in the opinion evidence in determining Plaintiff's RFC and in formulating the hypothetical question to the VE.[1]

Another issue also demonstrates the need for remand -- the ALJ's treatment of Plaintiff's headaches. The ALJ did not find Plaintiff's headaches to constitute severe impairments, nor did

---

[1] The Court acknowledges that this issue was not very clearly raised by Plaintiff, but finds that his argument at least encompasses concerns about the weight afforded by the ALJ to the opinion evidence.

he include any limitations in the RFC or the hypothetical question to the VE that would account for this condition, and Plaintiff argues that, in doing so, the ALJ failed to evaluate fully the effect of his headaches on his RFC. The Court agrees that the ALJ's explanation for his treatment of Plaintiff's headaches was insufficient for the Court to determine whether substantial evidence supports the ALJ's determination of the RFC and the hypothetical question.

The Court notes that the Government is correct that the relevant issue is not whether the ALJ correctly found Plaintiff's headaches to be non-severe at Step Two. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's headaches to constitute a non-severe impairment.

However, even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, *even those that are not 'severe.'*" S.S.R. 96-8p at *5 (emphasis added). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may - when considered with limitations or restrictions due to other impairments - be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's headaches to be severe does not mean that this condition could not still have affected Plaintiff's RFC. The Court finds that the ALJ did not adequately address the impact of Plaintiff's headaches at Step Five.

The ALJ did discuss Plaintiff's headaches in his determination of the RFC. However, he dismissed their impact on the RFC merely by stating that Plaintiff had reported only intermittent headaches to his therapists and had only increased his claimed frequency within weeks of the hearing. (R. 27). However, in formulating this evaluation of the intensity, persistence, and limiting effects of Plaintiff's symptoms, the ALJ did not in any way discuss the numerous complaints of serious headaches raised by Plaintiff long before the hearing.

Indeed, Exhibit 11F[2] contains a plethora of citations to complaints made by Plaintiff regarding headaches while being treated at Walter Reed Army Medical Center in 2009 and 2010. (See, e.g., R. 373, 504, 552, 562, 586, 591, 716). This evidence at least arguably contradicts the ALJ's finding that Plaintiff's complaints of headaches significantly increased only as the hearing approached, and where there is potentially conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination. See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)). See also Fargnoli, 247 F.3d at 42. Therefore, a discussion of the impact of this evidence on his findings is necessary.

The Court emphasizes that it is not suggesting that any specific limitations must be included in the RFC or in the hypothetical question to account for Plaintiff's headaches. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical in regard to Plaintiff's impairments *could* be supported by the record. It is the need for further explanation that mandates the remand on this issue.[3]

---

[2] Exhibit 12F is essentially a duplicate of Exhibit 11F.

[3] To the extent that Plaintiff asks this Court to reverse the ALJ's decision and award benefits, the record simply does not

## V. Conclusion

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

allow the Court to do so. The Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).